RECEIVED
MAY - 3 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| IVY MEECHAM, ET AL | CIVIL ACTION NO. 2:16-01323 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| THE UNITED STATES OF AMERICA | MAG. JUDGE KAY |

### MEMORANDUM RULING

Before the court is "The United States' Motion to Dismiss Plaintiffs' Negligent Hiring and Retention Claim" (R. #5) wherein the mover seeks to dismiss Plaintiffs' claims of negligence in hiring and retaining medical staff for failure to exhaust administrative remedies. Plaintiff has not filed an opposition to the motion. For the reasons that follow, the motion will be granted and these claims will be dismissed without prejudice.

### ALLEGATIONS

Plaintiffs, Ivy and Charles Meecham, filed the instant lawsuit against the Defendant, United States of America, under the Federal Tort Claims Act[1] for negligence and professional malpractice in connection with medical care provided to Plaintiff, Ivy Meecham, by the Bayne-Jones Army Community Hospital ("BJACH") in Leesville, Louisiana.

Plaintiffs allege that on February 13, 2013, Mrs. Meecham underwent a Total Abdominal Hysterectomy at BJACH. During the course of this operative procedure, Dr. Justin D. Pilgrim used

---

[1] 28 U.S.C. § 2671, et seq. and 28 U.S. C. § 1346(b)(1).

1

an O'Connor-O'Sullivan self-retaining retractor. Plaintiffs allege that the staff at BJACH failed to use standard padding beneath the retractor blades or performed episodic releases of the blade tension to reduce the risk of underlying nerve damage in violation of the standard of care. Consequently, Mrs. Meecham experienced right genitofemoral neuropathy which requires management of her acute and chronic pain. Mr. Meecham is suing for loss of consortium of his wife.

## **LAW AND ANALYSIS**

Defendant maintains that Plaintiff's claims of negligent hiring and retaining its medical staff was not presented to the Department of the Army during the administrative claims process. Therefore, in accordance with the Federal Tort Claims Act,[2] this claim should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

The United States, as sovereign, is immune from suit unless it consents to be sued. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."[3] The FTCA provides a limited waiver of sovereign immunity for plaintiffs to pursue tort claims against the United States, but sets forth specific prerequisites for filing an FTCA claim. The FTCA bars tort claims against the United States if the claims have not been properly presented to the appropriate federal agency.[4]

Section 2675(a) is satisfied when the plaintiff "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her

---

[2] 28 U.S.C. § 2675(a).
[3] F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Federal Housing Adm. v. Burr, 309 U.s. 242, 244 (1940).
[4] 28 U.S.C. § 2675(a).

2

claim."[5] To properly present their negligent hiring/retention claim, Plaintiffs needed to present factual information related to hiring or retaining of staff members at BJACH in their administrative claim. As noted by Defendant, there are no facts or theories raised by Plaintiffs in their administrative claims which suggested a negligent hiring/retention claim against BJACH.

## CONCLUSION

Based on the foregoing, the court will dismiss Plaintiffs' claim for negligent hiring and retention without prejudice.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 3rd day of May, 2017.

                         *[signature]*
                         **JAMES T. TRIMBLE, JR.**
                         **UNITED STATES DISTRICT JUDGE**

---

[5] Adams v. United States, 615 F.2d 284, 289 (5th Cir. 1980).